**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **TRISHA I OHLWINE,** *as Personal Representative of the* *estate of* **Jonathan Ohlwine, Deceased,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | **Cause No. 1:25-cv-00459-HAB-ALT** |
| **TROY HERSHBERGER,** *in his official capacity as the* *Allen County Sheriff, et al.,* | ) ) ) ) | |
| **Defendants.** | ) ) | |

## OPINION AND ORDER

On May 19, 2026, Plaintiff filed a motion for extension of time to complete discovery, requesting that the Court extend the current June 2, 2026, discovery deadline to August 2, 2026. (ECF 35). This motion (ECF 35) is GRANTED and the last date for the completion of all fact discovery is now August 2, 2026.

Also on May 19, 2026, Plaintiff filed a motion for extension of time to serve reports from experts, requesting that the March 3, 2026, deadline be extended to August 17, 2026. (ECF 36). In her motion, Plaintiff explains that due to financial constraints, she has struggled to find an expert within her budget but has now done so. (*Id*.). However, because Plaintiff has only just retained an expert, over two months after expert reports were due, Plaintiff requests until August 17, 2026, for the expert to provide a report in this case. (*Id.*).

Under Federal Rule of Civil Procedure 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time…on motion made after

the time has expired if the party failed to act because of excusable neglect." Therefore, Plaintiff must demonstrate excusable neglect for the March 3, 2026, deadline to be extended.

Although Plaintiff says she struggled to find an expert, she offers no explanation as to why her motion for extension of the related deadline was made over two months late. The best she does is point to late discovery responses from the County Defendants (*see* ECF 36 at 2), just as she did during a telephonic status conference held on May 12, 2026[1] (ECF 34). But, at best, that only answers why she's filing the motion now, not why she failed to do so within the deadline. "[M]eaningful explanation for seeking the late motion" is needed under Rule 6. *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020). When seeking to demonstrate excusable neglect, "it will not suffice if no excuse at all is offered or if the excuse is so threadbare as to make the neglect inexplicable." *Id*. (citation and internal quotations omitted). The standard is "*excusable* neglect, not just plain neglect[.]" *Id.* (citation and internal quotations omitted).

In this case, Plaintiff certainly demonstrates neglect but offers no excuse for her late motion. This is insufficient. As such Plaintiff's motion for extension of time to serve reports from experts (ECF 36) is DENIED.

SO ORDERED.

Entered this 21st day of May 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge

---

[1] And not for nothing, Plaintiff waited an additional seven days after that hearing to file her motion for extension. I cannot conceive, based on the discussion at the hearing, why Plaintiff would wait an additional week to seek relief.